885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James George WALKER, Plaintiff-Appellant,
v.
SUBURBAN HOSPITAL ASSOCIATION, Joan Finerty, Paul Quinn,
James Gary, Bernadette Welch, Charles Stewart, Lloyd Green,
Dalton Williamson, Eric E. Johnson, Heidi Christl Marchand,
Aester Hailu, Defendants-Appellees.
 No. 89-1412.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 14, 1989.
Decided Sept. 19, 1989.
 
 James George Walker, appellant pro se.
 John Gregory Kruchko, Kruchko & Fries, for appellee.
 Before K.K. HALL, PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In Walker v. Suburban Hospital Association, No. 87-3117 (4th Cir. Mar. 25, 1988) (unpublished), we remanded this case for further consideration of Walker's claims under 42 U.S.C. Sec. 1981 and state contract and tort law.[1] On remand, the district court granted defendants' (hereafter "the hospital") motion for summary judgment. We affirm the dismissal of Walker's claims on the basis of the well-reasoned opinion of the district court and the Court's recent decision in Patterson v. McLean Credit Union, 57 U.S.L.W. 4705 (U.S. Jun. 15, 1989) (No. 87-107).
 
 
 2
 Walker, a black pharmacist, first claims that the hospital paid him a lower starting salary than other pharmacists based on race, in violation of Sec. 1981. Under Patterson, we must first decide whether this claim is cognizable under Sec. 1981. This inquiry is directed at determining whether the employer's conduct violates Walker's rights in "the making and enforcement of contracts." Id. at 4707. We conclude that Walker's allegation states a claim relating to the right to make an employment contract because it concerns conduct in the formation of the contract terms. Id.
 
 
 3
 Of course, Walker must do more than merely state a cognizable claim--he must show purposeful discrimination. Id. at 4710. In this respect, Walker has the burder of persuasion, and must establish a prima facie case and rebut any legitimate, nondiscriminatory reason offered by the employer for his conduct. Id. at 4711, citing Texas Dept. Community Affairs v. Burdine, 450 U.S. 248 (1981) and McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Without deciding whether Walker has established a prima facie case, we agree with the district court[2] that Walker failed to rebut the hospital's substantial showing that he was paid a lower starting salary because he had minimal previous hospital experience[3] and because he, unlike three of the pharmacists, did not have an advanced pharmacy degree.
 
 
 4
 Walker also claims that he was paid a lower night-shift differential than night-shift nurses. As with the starting salary claim, we consider this claim to relate to conduct in the formation of the initial contract terms, thus cognizable under Sec. 1981. Patterson, 57 U.S.L.W. at 4707. However, Walker's claim fails because, even if we assume that Walker has established a prima facie case, the hospital legitimately offered more money for nurses because of a shortage of nurses available to work the night shift and Walker has not rebutted this explanation with any allegation or proof.
 
 
 5
 Finally, Walker also claims that he was unfairly disciplined because of his race. Specifically, he claims that the disciplinary measures were unwarranted and unevenly imposed. We do not consider this allegation to state a claim that is cognizable under Sec. 1981 because Patterson clearly states that Sec. 1981 does not prohibit "conduct after the contract relation has been established, including breach of the terms of the contract and imposition of discriminatory working conditions."[4] Id. at 4707. Therefore, Walker is not entitled to relief under Sec. 1981.
 
 
 6
 Walker also raises a claim that the hospital breached the terms of the employment contract. The district court reviewed the merits of this claim[5] and concluded that the language of the contract clearly refuted Walker's claim. We agree. Review of the employment contract shows that there is no obligation on the hospital to give notice to Walker prior to dismissal. Moreover, we note that Walker was never discharged--he voluntarily refused to return to his job after a seven-day suspension. Therefore, this claim is without merit.
 
 
 7
 Walker's final claim is that he was improperly exposed to carcinogens in the course of his employment at the hospital. The district court refused to review the merits of this claim because it is based on facts wholly independent of all the other claims. We agree. Before a federal court can review a pendent state law claim, there must be common factual relation between the claims. See 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3567.1 at 118-19 (2d Ed.1984). In this case we perceive no common facts between this claim and Walker's federal claims. Therefore, the district court properly refused to review this claim.
 
 
 8
 Accordingly, we affirm the dismissal of Walker's claims under Sec. 1981, and state contract and tort law. We dispense with oral argument because the facts and legal contentions are adequately presented on the record before this court and oral argument will not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Walker had also raised claims under 42 U.S.C. Secs. 1982, 1983, and 1985, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq., and the fifth and fourteenth amendments. We affirmed the dismissal of those claims. Slip opinion at p. 2
 
 
 [2]
 The district court did not have the benefit of Patterson when it decided this case but applied the Burdine/Green framework, which is widely utilized to analyze employment discrimination claims
 
 
 [3]
 According to the hospital, hospital experience, as opposed to drug store experience, was necessary because a pharmacist could only get experience with compounding I.V.'s, TPN mixing and the unit dose system in that setting
 
 
 [4]
 The remedy for discriminatory conduct after the formation of the contract lies in Title VII or state contract law. Patterson, 57 U.S.L.W. at 4708
 
 
 [5]
 The district court properly reviewed the merits of this state law claim under the doctrine of pendent jurisdiction because it is based on facts common to the Sec. 1981 claim. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)